Gustavo Ponce, Esq.
Nevada Bar No. 15084
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
*Attorneys for Plaintiff Brandon Thompson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON THOMPSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. ("TCPA")**<br><br>**JURY TRIAL DEMANDED** |

1.     Plaintiff, Brandon Thompson, individually and on behalf of all others similarly situated ("Plaintiff"), alleges Defendant, Credit One Bank, N.A. ("Defendant" or "Credit One") sent text messages to him numerous times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

2.     Credit One admits to making an eye-popping 10,000,000 robocalls ("robocall" includes text messages) to individuals who their own records reflect are wrong numbers or numbers it did not have express consent to call.[1]

---

[1] This number is a conservative estimated extrapolated from pleadings and admissions in a recent TCPA class action against Credit One captioned *Bridge v. Credit One* 2:14-cv-0512-LDG-NJK.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

3. Credit One makes over a million robocalls a day and approximately 1% of these are to individuals who are deemed as "wrong number" and other notations indicating they don't have the required express consent.

4. Credit One sent numerous illegal and unwanted text messages to the Plaintiff.

5. Defendant admitted in a subsequent text message that they did not have express consent to text Plaintiff.

6. "Robocalls" are the #1 consumer complaint in America today and the Defendant's conduct in this case is a good reason why.

7. The TCPA was enacted to prevent companies like Credit One from invading American citizens' privacy and prevent illegal robocalls and texts.

8. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls or texts are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls or texts made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

9. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

10. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found,

automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. This type of damages are the same shared by the Plaintiff and the class members.

11. The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the ***text message***). (emphasis added).

12. The United States Court of Appeals for the Ninth Circuit recently held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

13. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

14. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

15. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

16. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

17. Jurisdiction in this action is appropriate and conferred by 28 U.S.C. § 1331 as this action arises from violations of federal law.

18. Defendant's corporate office is located in Las Vegas, Nevada where it conducts regular and systematic business activities such that venue is proper in Las Vegas. Thus, personal jurisdiction is established.

19. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because Defendant:

(a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

20. Plaintiff is, and at all times mentioned herein was, a citizen of the United States and a "person" as defined by 47 U.S.C. § 153(39).

21. Credit One is a national banking association with a principal place of business or headquarters located at 6801 S. Cimarron Road in Las Vegas, Nevada. Credit One is a "person" as defined by 47 U.S.C. §153(39).

22. At all times relevant herein, Credit One conducted business within the State of Nevada and within this judicial district.

23. The majority of witnesses in this case are located in Las Vegas, Nevada.

## **FACTUAL ALLEGATIONS**

24. Plaintiff incorporates each of the allegations in all other paragraphs as if fully stated herein.

25. Plaintiff is the "texted party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

26. Credit One is a corporation which was formed in Nevada with its principal place of business in Las Vegas, and conducts business in the State of Nevada and across the United States.

27. Credit One is a National Association company with its office address in Las Vegas, and its corporate headquarters office in Las Vegas, Nevada.

28. Plaintiff is the regular user and carrier of the cellular telephone number at issue ending in "8965."

29. Plaintiff was the "texted party" in each text message sent by Credit One and/or its agents to Plaintiff's cellular telephone number ending in "8965."

30. Plaintiff has no business or other association with Credit One Bank.

31. Credit One never had express consent to send any texts to Plaintiff's cellular telephone number.

32. "Express consent" is narrowly construed by the courts. It is Defendant's burden to prove they had "express consent" per the TCPA to send text messages to Plaintiff on his cell phone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

33. It is Defendant's burden to prove they had "express consent" per the TCPA to text the Plaintiff on his cell phone using an ATDS for each account they were texting on.

34. Each text Defendant sent to Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be texted, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

35. By effectuating these unlawful text messages, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

36. Defendant's aggravating and annoying text messages trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

37. Defendant's text messages harmed Plaintiff by wasting his time, trespassed on his phone, invaded his privacy as well as caused aggravation and inconvenience.

38. Moreover, "wireless customers [like Plaintiff] are charged for incoming texts whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone texts harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

39. Defendant sent numerous text messages to Plaintiff's cellular telephone from the SMS short code number "20757."

40. On October 26, 2017, Credit One Bank sent a text message to Plaintiff's cellular phone saying:

> "*Reply YES to confirm your account notification preferences. STOP to end. HELP for help. Visa – 4330. Msg & Data Rates May Apply*"

41. On December 6, 2018, Credit One Bank sent a second text message to Plaintiff's cellular phone stating:

> "*Your monthly payment is past due. Please make a payment today at CreditOneBank.com or by calling 1-877-825-3242. Visa – 4330 Text STOP to end.*"

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

42. On December 7, 2018, Credit One Bank sent a third text message to Plaintiff's cellular phone stating:

> *"Due to a system error, a Payment Due message was sent inadvertently on 12/6. Please disregard the message. We apologize for any confusion."*

43. Defendant sent at least three texts to Plaintiff's aforementioned cellular telephone number ending in "8965" from Defendant and/or its agent's SMS short code "20757.".

44. The aforementioned text messages from a SMS short code were form texts sent to numerous consumers *en masse*, and not solely to Plaintiff, which is indicative of the use of an ATDS.

45. Defendant, Credit One, has been sued numerous times in federal court for violations of the TCPA, including for texting individuals using an ATDS.

46. Defendant, Credit One, was ordered to produce a sample of data from another class action lawsuit captioned *Bridge v. Credit One Financial,* No. 2:14-cv-0512-LDG-NJK (D. Nev.) where Credit One made 350,000,000 robocalls in a 34-month period. The *Bridge* data is a micro-sampling consisting of 500 telephone numbers out of a jaw-dropping 3,500,000 robocalls to people who were called even though the number had the disposition code "Wrong Number" or "Block/DNC Ever" indicating these were telephone numbers that Credit One should not place calls or send text messages to.

47. It is shocking that Defendant continues to text telephone numbers even if they're marked with "Wrong Number" or "Block/DNC Ever" in its own system databases.

48. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

49. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff and the members of the class.

## CLASS ACTION ALLEGATIONS

50. Plaintiff incorporates each of the allegations in all other paragraphs as if fully stated herein.

51. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class"). Plaintiff represents, and is a member of, the Class consisting of:

> All persons in the United States to whose cellular telephone number Credit One and/or its agent(s) sent a non-emergency text message within 4 years of the Complaint in this action through the utilization of any automatic telephone dialing system without said person's prior express consent.

52. Defendant and its employees and/or agents are excluded from the Class are Defendants and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

53. Plaintiff is presently unaware of the exact number of members in the Class, but based upon the size and scope of Defendant's business, including the fact that Credit One has been sued dozens of times for violating the TCPA, Plaintiff reasonably believes that the class members' number at a minimum in the thousands.

54. Plaintiff and all members of the Class have been harmed by Defendant's actions in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by sending unsolicited text message/s, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges, reducing the utility of Plaintiff and Class members' cellular telephones, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

55. This Class Action Complaint seeks money damages and injunctive relief.

56. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

57. The disposition of the claims in a class action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The class can be easily identified through records maintained by Defendant.

58. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

   a) Whether Defendant engaged in a pattern of using an ATDS to place texts to cellular telephones without the prior express consent of the texted party;

   b) Whether Defendant's conduct was knowing or willful;

   c) Whether Defendant's actions violated the TCPA;

   d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

   e) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future; and

   f) Whether Plaintiff and the Class are entitled to any other relief.

59. As a person who received text messages from Credit One using an ATDS without prior express consent, within the meaning and definitions of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.

60. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff does not have an interest that is antagonistic to any member of the Class.

61. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

62. A class action is the superior method for the fair and efficient adjudication of this controversy.

63. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA is small.

64. Management of these claims is likely to present significantly fewer difficulties than are presented in some class actions because the texts at issue are all automated and the class members, by definition, did not provide the prior express consent to Credit One to authorize texts to their cellular telephones.

65. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate.

66. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I

### (Violation of the TCPA)

67. Plaintiff incorporates each of the allegations in all other paragraphs of the Complaint as if fully stated herein.

68. The foregoing acts and omissions by Defendant constitute numerous violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

69. Defendant violated the TCPA with respect to the Plaintiff and members of this Class.

70. Defendant willfully violated the TCPA with respect to the Plaintiff each time they texted the Plaintiff without having express consent to place such texts using and ATDS.

71. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed texts made to Plaintiff's cellular telephone using an ATDS.

72. Defendant, Credit One Bank, N.A. repeatedly sent non-emergency text messages to the wireless telephone numbers of Plaintiff and the Class using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

73. As a result of Defendant's negligent violations of the TCPA, Plaintiff and the members of the Class suffered actual damages and, under § 227(b)(3)(B), are entitled to, *inter alia*, an award of $500.00 in in statutory damages for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

74. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and each member of the Class are entitled to, *inter alia*, an award of up to $1,500.00 in statutory damages for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

75. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting Defendant, Credit One Bank, N.A., from violating the TCPA as alleged herein in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant for:

- An order certifying this action to be a class action pursuant to the Federal Rules of Civil Procedure 23, certifying the Class and any Sub-classes the Court deems appropriate, approving Plaintiff is a class representative and appointing the lawyers and law firms representing Plaintiff as Class Counsel;

- An order declaring that Defendant's practices as described herein violate the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq.;

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

- An injunction requiring Defendant to cease sending text messages to cellular telephone numbers without obtaining the texted party's prior express consent;
- An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every text that Credit One sent negligently violating the TCPA;
- An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every text that Credit One sent knowingly and/or willfully violating the TCPA;
- An award of Plaintiff's attorneys' fees, litigation expenses, and costs of suit; and
- Any such further and other relief the Court deems reasonable and just.

## **TRIAL BY JURY**

76. Plaintiff, individually and on behalf of all others similarly situated, respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

DATED this 6th day of February 2020.

        Respectfully submitted,

        **KAZEROUNI LAW GROUP, APC**

By:   /s/ Gustavo Ponce
      GUSTAVO PONCE, ESQ.
      6069 S. FORT APACHE ROAD, SUITE 100
      LAS VEGAS, NEVADA 89148
      *Attorneys for Plaintiff*