UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON THOMPSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.,<br><br>Defendant. | Case No. 2:20-cv-00266-GMN-EJY<br><br>**ORDER** |

Before the Court is the Joint Discovery Plan and Scheduling Order (ECF No. 23) submitted by the parties presenting their alternative views. The Court notes that Defendant has filed a Motion to Stay the Case (ECF No. 7) "pending the United States Supreme Court's determination in *William P. Barr et al. v. American Association of Political Consultants, Inc.*, No. 19-361, petition for certiorari accepted January 10, 2020, which addresses the constitutionality of Section 227(b) of the Telephone Consumer Protection Act ("TCPA") … ." The Motion to Stay the Case was fully briefed as of April 6, 2020. Since that time, the matter pending before the U.S. Supreme Court was argued on May 6, 2020. Although not assured, Supreme Court decisions are often issued in June.

In this case, while there is no assurance that the Supreme Court will issue its decision in *Barr v. American Association of Political Consultants, Inc.* within the next four to six weeks, it is likely that a decision on the matter before the U.S. Supreme Court will be issued in the near future. The decision could be case dispositive. Given the potential impact the decision may have on the instant dispute, a brief delay in commencing discovery is efficient.

The Court does not agree, however, that discovery should be delayed until after the Court issues an order on Defendant's Motion to Dismiss. First, no motion to stay discovery was filed and, for this reason alone, the issue is not properly before the Court. Second, the fact that a dispositive motion is pending is not generally sufficient to support a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

The next issue is whether discovery should be conducted in phases. Defendant argues phased discovery preserves resources of the Court and the parties and, for this reason, Defendant seeks to limit phase one of discovery to issues pertaining solely to the named plaintiff. This is to be followed by a motion for summary judgment. Defendant states that if summary judgment is not granted in its favor in full, there would then be a second round of discovery followed by additional motion practice and another motion for summary judgment. Based on Defendant's sole argument of efficiency, the Court does not agree that phased discovery is warranted.

Accordingly, IT IS HEREBY ORDERED that discovery is stayed until such time as the U.S. Supreme Court issues its opinion in *William P. Barr et al. v. American Association of Political Consultants, Inc.*, No. 19-361.

IT IS FURTHER ORDERED that the parties shall submit a joint status report on or before June 30, 2020, advising the Court of the status of the case pending before the U.S. Supreme Court and providing a very brief summary of the outcome, if any, is available. If no decision is reached by June 30, 2020, the status report shall so state.

IT IS FURTHER ORDERED that if the decision in *William P. Barr et al. v. American Association of Political Consultants, Inc.* does not moot the named plaintiff's claims, the discovery period shall commence one week after the decision is issued.

IT IS FURTHER ORDERED that discovery shall not be conducted in phases; provided, however, that the parties are free to seek the assistance of the Court, if desired or necessary, to streamline discovery through the use of ordinary tools available in class actions such as, but not limited to, sampling of data.

IT IS FURTHER ORDERED that the discovery period shall be a period of 240 days, allowing the parties ample time to conduct individual, class, and expert discovery. The parties shall submit a discovery plan and scheduling order, including all terms applicable thereto, within ten days of the commencement of the discovery period.

Dated this 19th day of May, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE