UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON THOMPSON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CREDIT ONE BANK, N.A., )<br>)<br>Defendant. )<br>) | Case No.: 2:20-cv-00266-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Credit One Bank, N.A.'s ("Defendant's") Motion to Stay Case, (ECF No. 31). Plaintiff Brandon Thompson ("Plaintiff") filed a Response, (ECF No. 34), and Defendant filed a Reply, (ECF No. 36). For the reasons discussed below, the Court **GRANTS** the Motion to Stay.

This case arises from Plaintiff's allegations that Defendant sent Plaintiff and other similarly situated persons text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"). Plaintiff alleges that he received text messages from Defendant that Defendant sent without Plaintiff's express consent and by employing an automated telephone dialing system ("ATDS").[1] (Compl. ¶¶ 31, 34, ECF No. 1). Specifically, Plaintiff alleges he received three text messages regarding his account that were sent from an SMS code indicating that they had been sent to consumers *en masse*. (*Id.* ¶¶ 40–44).[2] As a result, Plaintiff alleges that he and other putative class members throughout the country have suffered damages from nuisance and invasion of privacy. (*Id.* ¶ 35). Defendant seeks to stay

---

[1] The allegations regarding the means employed to send the messages parrot the statutory definition of ATDS. (*See* Compl. ¶ 34); 47 U.S.C. § 227(a)(1).

[2] While the messages suggest Plaintiff banked with Defendant, he alleges he presently "has no business or other association with Credit One Bank." (Compl. ¶ 30). However, he does not allege that he never held an account with Defendant nor gave his phone number to Defendant.

the case in light of the United States Supreme Court's upcoming decision in *Facebook, Inc. v. Duguid*, No. 19-511, which implicates how a plaintiff may plead and prove that an alleged TCPA violator sent calls or text messages through an ATDS.

District courts have broad power to stay proceedings pursuant to their inherent power to manage their dockets. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976); *see, e.g.*, *Collins v. Collins*, No. 3:16-cv-00111-MMD-WGC, 2019 U.S. Dist. LEXIS 209881, at *1 (D. Nev. Dec. 5, 2019).  In deciding whether to issue a stay, the court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  The court should also consider the judicial resources that may be saved by staying the action. *See, e.g.*, *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 U.S. Dist. LEXIS 114333, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012).

On July 9, 2020, the United States Supreme Court granted the petition for writ of certiorari in *Facebook, Inc. v. Duguid*.  The issue before the Court is whether the TCPA's definition of ATDS includes any device that can "store" and "automatically dial" telephone numbers, even if the alleged ATDS does not "us[e] a random or sequential number generator." *See* Petition for Writ of Certiorari, Issues Presented ¶ 2, *Facebook, Inc.*, 141 S.Ct. 193 (No. 19-511).  If the Court answers the question in the negative, then text messages sent to numbers of customers or former customers that are germane to customers' accounts likely do not violate the TCPA.  The question bears substantially upon the scope of the class in this case and what facts Plaintiff would have to allege to adequately plead a TCPA violation.  Given the

substantial clarifying effect of a stay in this case, and the minimal prejudice to Plaintiff as a result of a stay,[3] the Court finds a stay warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Case, (ECF No. 31), is **GRANTED**.  The Court **STAYS** the case pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511.  Plaintiff and Defendant shall jointly file a status report every sixty days, beginning April 9, 2021, addressing the status of *Facebook, Inc. v. Duguid*, No. 19-511 and the need for the case to remain stayed.

**IT IS FURTHER ORDERED** that motions currently pending before the Court in this matter need not be refiled, and the Court will address them once the stay is lifted.

**IT IS FURTHER ORDERED** that Defendant's first Motion to Stay, (ECF No. 7), is **DENIED as moot**.

Dated this  16  day of February, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] Plaintiff's allegation that delay will result in "allowance of Defendant's continued and ongoing use of an ATDS to contact Plaintiff and other similarly situated consumers" is unpersuasive given that the Supreme Court's forthcoming opinion may indicate that Defendant did not use an ATDS. (Resp. Mot. Stay 13:16–18, ECF No. 34).  Even if Defendant did use an ATDS, the alleged harm to each putative class member is nominal. Given the nominal harm, the Court also finds that the benefits of a stay outweigh the alleged risk that putative class members or Defendant will lose records of their text messages from Defendant. (*Id.* 14:8–27).